IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FRANKLIN L. WILLIAMS,<br>　　Petitioner,<br><br>V.<br><br>MIKE PEARCE,[1] WARDEN,<br>FCI BASTROP,<br>　　Respondent | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | A-12-CA-368 SS |
| FRANKLIN L. WILLIAMS,<br>　　Petitioner,<br><br>V.<br><br>MIKE PEARCE, WARDEN,<br>FCI BASTROP,<br>　　Respondent | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | A-12-CA-506 SS |
| FRANKLIN L. WILLIAMS,<br>　　Petitioner,<br><br>V.<br><br>MIKE PEARCE, WARDEN,<br>FCI BASTROP,<br>　　Respondent | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | A-12-CA-936 SS |

**CONSOLIDATED REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:　THE HONORABLE SAM SPARKS
　　　UNITED STATES DISTRICT JUDGE

Now before the Court are three cases filed by Franklin L. Williams, likely one of the most abusive writ filers currently incarcerated in the Bureau of Prisons. As is seen in what follows, all three of the cases are patently meritless. In this Report and Recommendation the undersigned

---

[1] When Williams filed the first of these cases, Claude Maye was the warden for FCI-Bastrop. The warden has since changed to Mike Pearce, and the style is changed to reflect this.

recommends not only that each of the cases be dismissed, but also recommends that sanctions be imposed against Williams to end his abuse of the Courts of the United States.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Franklin L. Williams ("Williams"), Reg. No. 12952-021, is currently a federal prisoner incarcerated in the Bureau of Prisons pursuant to a judgment and sentence in Criminal Case No. 5:06-CR-00014 in the United States District Court for the Southern District of Georgia. Clerk's Doc. No. 1. Williams is serving time after a jury found him guilty of one count of distribution of more than five grams of cocaine base and one count of distribution of more than fifty grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). *See United States v. Williams*, No. 5:06-CR-014-WTM-JEG, ECF No. 49-1. Williams was sentenced on June 20, 2007, to 292 months of imprisonment on each count, to be served concurrently with his revoked state parole term for a 1997 state conviction in Georgia for possession of cocaine. *Id.*, ECF No. 62 at 2. Williams's convictions and sentence were affirmed on direct appeal. *United States v. Williams*, 262 F. App'x 165 (11th Cir. 2008). Since 2007, Williams has been transferred to a number of different federal correctional institutions, including FCI-Bastrop, where he is currently serving his sentence.

To say that Williams is a frequent or abusive filer would be a massive understatement. In the Georgia federal courts alone, Williams has filed 44 separate proceedings since 2007.[2] In the

---

[2]Fourteen of these were filed pursuant to 42 U.S.C. § 1983:

*Williams v. Eaves*, No. 5:12-CV-00024-LGW-JEG (S.D. Ga. filed Apr. 3, 2012);
*Williams v. Darden*, No. 4:11-CV-00213-BAE-GRS (S.D. Ga. filed Aug. 15, 2011);
*Williams v. US Marshal Serv.*, No. 1:11-CV-02356-CC-JFK (N.D. Ga. filed July 18, 2011);
*Williams v. Eaves et al.*, No. 5:09-CV-00102-LGW-JEG (S.D. Ga. filed Dec. 11, 2009);
*Williams v. Currie et al.*, No. 5:09-CV-00099-LGW-JEG (S.D. Ga. filed Nov. 24, 2009);
*Williams v. Fiveash*, No. 5:09-CV-00002-LGW-JEG (S.D. Ga. filed Jan. 8, 2009);
*Williams v. McQuaig*, No. 5:08-CV-00078-LGW-JEG (S.D. Ga. filed Oct. 29, 2008);

> *Williams v. Fiveash et al.*, No. 5:08-CV-00076-LGW-JEG (S.D. Ga. filed Oct. 24, 2008);
> *Williams v. Boggs et al.*, No. 5:07-CV-00039-WTM-JEG (S.D. Ga. filed May 10, 2007);
> *Williams v. Hardin*, No. 5:07-CV-00031-WTM-JEG (S.D. Ga. filed Apr. 4, 2007);
> *Williams v. Fiveash*, No. 5:07-CV-00025-WTM-JEG (S.D. Ga. filed Mar. 7, 2007);
> *Williams v. Currie et al.*, No. 5:07-CV-00026-WTM-JEG (S.D. Ga. filed Mar. 2, 2007);
> *Williams v. Currie et al.*, No. 5:07-CV-00022-WTM-JEG (S.D. Ga. filed Feb. 8, 2007);
> *Williams v. Currie et al.*, No. 2:07-CV-00018-AAA-JEG (S.D. Ga. filed Feb. 8, 2007).

Eight were 28 U.S.C. § 2254 actions attacking his state criminal conviction:

> *Williams v. Pearce et al.*, No. 5:12-CV-00117-LGW-JEG (S.D. Ga. filed Oct. 18, 2012);
> *Williams v. Pearce et al.*, No. 5:12-CV-00064-LGW-JEG (S.D. Ga. filed July 11, 2012);
> *Williams v. Maye et al.*, No. 5:12-CV-00032-LGW-JEG (S.D. Ga. filed Apr. 25, 2012);
> *Williams v. Tamez et al.*, No. 5:11-CV-00083-LGW-JEG (S.D. Ga. filed Aug. 15, 2011);
> *Williams v. Tamez*, No. 5:11-CV-00048-LGW-JEG (S.D. Ga. filed May 20, 2011);
> *Williams v. Edenfield et al.*, No. 5:10-CV-00056-LGW-JEG (S.D. Ga. filed June 7, 2010);
> *Williams v. Chase et al.*, No. 5:09-CV-00020-LGW-JEG (S.D. Ga. filed Apr. 3, 2009);
> *Williams v. Hart*, No. 5:07-CV-00101-LGW-JEG (S.D. Ga. filed Dec. 19, 2007).

Ten of the cases were § 2255 petitions:

> *Williams v. United States*, No. 5:12-CV-00079-WTM-JEG (S.D. Ga. filed Aug. 16, 2012);
> *Williams v. United States*, No. 5:12-CV-00071-WTM-JEG (S.D. Ga. filed Aug. 2, 2012);
> *Williams v. United States*, No. 5:12-CV-00043-WTM-JEG (S.D. Ga. filed June 4, 2012);
> *Williams v. United States*, No. 5:12-CV-00040-WTM-JEG (S.D. Ga. filed May 24, 2012);
> *Williams v. United States*, No. 5:12-CV-00025-WTM-JEG (S.D. Ga. filed Apr. 3, 2012);
> *Williams v. United States*, No. 5:11-CV-00077-WTM-JEG (S.D. Ga. filed Aug. 1, 2011);
> *Williams v. United States*, No. 5:11-CV-00073-WTM-JEG (S.D. Ga. filed July 20, 2011);
> *Williams v. United States*, No. 5:11-CV-00019-WTM-JEG (S.D. Ga. filed Mar. 4, 2011);
> *Williams v. United States*, No. 5:09-CV-00104-WTM-JEG (S.D. Ga. filed Dec. 21, 2009);
> *Williams v. United States*, No. 5:08-CV-00034-WTM-JEG (S.D. Ga. filed May 2, 2008).

Williams has also filed seven § 2241 writs:

> *Williams v. Pearson*, No. 5:12-CV-00072-LGW-JEG (S.D. Ga. filed Aug. 3, 2012);
> *Williams v. Tamez et al.*, 5:11-CV-00118-JRH-JEG (S.D. Ga. filed Dec. 19, 2011);
> *Williams v. Tamez*, No. 5:11-CV-00036-LGW-JEG (S.D. Ga. filed Apr. 26, 2011);
> *Williams v. United States*, No. 5:11-CV-00031-WTM-JEG (S.D. Ga. filed Apr. 4, 2011);
> *Williams v. Tamez*, No. 5:11-CV-00018-WTM-JEG (S.D. Ga. filed Feb. 23, 2011);
> *Williams v. Tamez et al.*, No. 5:10-CV-00110-LGW-JEG (S.D. Ga. filed Nov. 5, 2010);
> *Williams v. Edenfield*, No. 5:10-CV-00077-LGW-JEG (S.D. Ga. filed Aug. 3, 2010).

courts of this Circuit in the past two years, Williams has filed twelve habeas corpus petitions (including the instant petition), four § 1983 suits, and one "Application for Writ of Replevin."[3] The Fifth Circuit has warned Williams twice against "frivolous, repetitive, or otherwise abusive filings,"

---

Four of the actions sought to remove state cases to federal court:

> *Williams v. Lockey, Jr.*, No. 5:08-CV-00097-LGW-JEG (S.D. Ga. filed Dec. 17, 2008);
> *Williams v. McQuaig*, No. 5:08-CV-00096-LGW-JEG (S.D. Ga. filed Dec. 17, 2008);
> *Williams v. Eaves*, No. 5:08-CV- 00071-LGW-JEG (S.D. Ga. filed Sept. 24, 2008);
> *Williams v. Ware Cnty. Jury Comm'rs*, No. 5:08-CV-00070-LGW-JEG (S.D. Ga. filed Sept. 22, 2008).

Finally, Williams has filed one case seeking the return of his property:

> *Williams v. US Marshal Serv.*, No. 1:11-CV-01842-CC (N.D. Ga. filed June 3, 2011).

[3]Of the cases filed in the Fifth Circuit courts, the § 2241 cases are:

> *Williams v. Pearce*, No. 1:12-CV-00936-SS (W.D. Tex. filed Oct. 10, 2012)
> *Williams v. Pearce*, No. 1:12-CV-00506-SS (W.D. Tex. filed June 11, 2012);
> *Williams v. Maye*, No. 1:12-CV-00368-SS (W.D. Tex. filed Apr. 24, 2012);
> *Williams v. Tamez*, No. 4:11-CV-00577-Y (N.D. Tex. filed Aug. 18, 2011);
> *Williams v. Tamez*, No. 4:11-CV-00216-A (N.D. Tex. filed Apr. 5, 2011);
> *Williams v. Tamez*, No. 4:11-CV-00110-A (N.D. Tex. filed Feb. 23, 2011);
> *Williams v. Tamez*, No. 4:11-CV-00061-A (N.D. Tex. filed Jan. 20, 2011);
> *Williams v. Tamez*, No. 4:10-CV-00957-Y (N.D. Tex. filed Oct. 21, 2010);
> *Williams v. Edenfield*, No. 4:10-CV-00520-A (N.D. Tex. filed June 22, 2010);
> *Williams v. Edenfield*, No. 1:10-CV-00124-C (N.D. Tex. filed June 15, 2010);
> *Williams v. Edenfield*, No. 1:10-CV-00119-C (N.D. Tex. filed June 8, 2010);
> *Williams v. Edenfield*, No. 1:10-CV-00113-C (N.D. Tex. filed June 4, 2010).

The 1983 cases are:

> *Williams v. Pearson et al.*, No. 1:12-CV-01034-SS (W.D. Tex. filed Nov. 8, 2012);
> *Williams v. Mayes et al.*, No. 1:12-CV-01002-SS (W.D. Tex. filed Oct. 30, 2012);
> *Williams v. Maye et al.*, No. 1:12-CV-00310-SS (W.D. Tex. filed Apr. 6, 2012); and
> *Williams v. Edenfield*, No. 1:10-CV-00120-C (N.D. Tex. filed June 11, 2010).

Williams's one remaining case sought monetary damages for his alleged lost property:

> *Williams v. Tamez*, No. 4:11-CV-00309-Y (N.D. Tex. filed May 5, 2011).

4

and admonished him that continuing to do so could subject him to the imposition of sanctions. *See Williams v. Tamez*, 476 Fed.Appx. 6 (5th Cir. 2012); *Williams v. Tamez*, 466 Fed.Appx. 326 (5th Cir. 2012). He is not, however, currently under any prohibitions from filing suits in this Court. After setting out principles applicable to all three cases, the Court addresses each of the captioned cases separately. In the last section, the Court recommends the imposition of sanctions against Williams for his frivolous and abusive filings.

## II. GENERAL LEGAL PRINCIPLES

Each of these cases is filed pro se. "'[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, pro se pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se pleadings to less stringent standards than formal pleadings drafted by lawyers); *United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997); *see Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (explaining liberal construction allows active interpretation of a pro se pleading to encompass any allegation which may raise a claim for federal relief). Nevertheless, pro se litigants are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).

A petition for writ of habeas corpus under 28 U.S.C. § 2241 "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000); *see also Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). A writ under 28 U.S.C. § 2241

is a distinct mechanism from a "motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255." *Pack*, 218 F.3d at 451. Furthermore, if "a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release, the proper vehicle" to attack conditions of confinement is a § 1983 suit, not a § 2241 habeas petition. *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997).

Petitioners seeking relief under § 2241 are required to exhaust their administrative remedies prior to presenting their claims in federal court. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The Bureau of Prisons (BOP) has established an Administrative Remedy Program whereby inmates confined in a BOP facility can "seek formal review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. A prisoner must present his claim to the prison warden and appeal any adverse decision to the BOP Regional Director and General Counsel. *Id*. § 542.15(a).

A prisoner does not have a constitutional right to be placed in the penal facility of his choice. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) ("Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State."); *see also Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) ("A prisoner has no constitutionally protected interest in a particular facility."). Furthermore, the BOP is authorized to designate any available correction facility to house a prisoner, whether maintained by the federal government or otherwise and whether the facility is within or outside the judicial district in which the person was convicted. *See* 18 U.S.C. § 3621(b) (2006).

### III.  A-12-CV-368 SS

The pending matters before the Court in this case are Williams's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1) and Mike Pearce's Response to Petition for Writ of Habeas Corpus and Motion to Deny Williams's Petition for Writ of Habeas Corpus and Dismiss Case (Clerk's Doc. No. 8).  Additionally, the Court also has before it the following motions and their associated responses, replies, and supplements:

(1) Motion for Relief as to Extraordinary Circumstance (Clerk's Doc. No. 2);

(2) "Motion to Dismissal for Lack of Prosecution of Government Response" (Clerk's Doc. No. 10);

(3) Williams's Motion for Evidentiary Hearing (Clerk's Doc. No. 14);

(4) Williams's Motion for Summary Judgment (Clerk's Doc. No. 17);

(5) Williams's Motion to Join Parties to the Claim in Violation of Prison Condition and Confinement (Clerk's Doc. No. 20); and

(6) Williams's Motion for Appointment of Counsel (Clerk's Doc. No. 24).

In this case, Williams brings his claims under 28 U.S.C. § 2241, asserting that he is unable to diligently pursue his remedies because the BOP lost his property.  Broadly construed, Williams alleges: (1) that he cannot pursue his remedies due to the BOP's loss of his property; (2) that he is being denied due process and access to the courts resulting from the loss of his property; (3) that his case represents an extraordinary circumstance; (4) that he is being denied his right to access the grand jury transcript from November Term 1996 which provides evidence that he is being illegally detained because he was not properly indicted by a grand jury; (5) that he is being denied access to the courts resulting from an illegal injunction issued in Georgia state court; and (6) that he is actually innocent of the charges against him.  Respondent contends: (1) Williams's claims may not be

brought as a habeas action; (2) to the extent the Court construes Williams's claims under 28 U.S.C. § 2255, the Court does not have jurisdiction over his claims; (3) to the extent Williams's claims are construed under the Federal Tort Claims Act, such claims are untimely or subject to the "detention of goods exception"; (4) to the extent Williams's claims are construed as a denial of access to courts, he has failed to meet his burden; and (5) Williams has not exhausted his administrative remedies. Clerk's Doc. No. 8.

### A. Claims Involving Lost Property

Williams states multiple times that the BOP lost his property, and claims several grievances based on this allegation: (1) that he cannot pursue his remedies due to the BOP's loss of his property, (2) that he is being denied due process and access to the courts resulting from the loss of his property, and (3) that his lost property presents an extraordinary circumstance. Clerk's Doc. No. 1. The record shows that Williams submitted an inquiry about his lost property to the BOP on June 2, 2010, and has followed his initial inquiry with appeals to the BOP Regional Director and BOP Central Office. As of the date of this Report and Recommendation, attempts to locate Williams's lost property have not been successful. Clerk's Doc. No. 8.

These claims are not properly brought. As noted previously, if "a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release, the proper vehicle" to attack conditions of confinement is a § 1983 suit, not a § 2241 habeas petition. *Carson*, 112 F.3d at 820–21. Williams has not demonstrated that obtaining his property would automatically entitle him to accelerated release. The return of his property would not alter the length of Williams's sentence. Moreover, to the extent Williams seeks monetary damages for the loss of his property, he cannot obtain such damages through a petition for habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 494

(1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."). Because Williams' claims regarding his lost property are not properly brought under a § 2241 petition for habeas corpus, his petition should be dismissed.

### B.  Challenge to State Indictment

Williams also challenges his 1997 conviction in the Superior Court of Ware County in the Waycross Judicial Circuit for the State of Georgia, arguing that his conviction is based on an improper indictment. Williams requests a copy of the grand jury transcript from November Term 1996 and specifically asserts that he was not properly indicted by a grand jury in the Superior Court of Ware County in Georgia. Clerk's Doc. No. 1.

By contesting the legality of his indictment in state court, Williams essentially challenges his 1997 conviction and sentence in state court. This too is an improper claim in this case. To contest a state court conviction Williams would have to file a habeas petition pursuant to 28 U.S.C. § 2254. *See Pleasant v. Texas*, 134 F.3d 1256, 1258 n.3 (5th Cir. 1998) (recognizing that challenges to convictions under state law are properly brought under § 2254); *see also Heath v. Thomas*, 34 Fed. Appx. 962 (5th Cir. 2002). A petition for writ of habeas corpus under 28 U.S.C. § 2241 "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack*, 218 F.3d at 451. In challenging the legality of his indictment in state court, Williams does not seek review of the manner in which his sentence is being executed or the length of his sentence; rather, he challenges the sentence itself. Consequently, his claims may not be properly brought under § 2241 and should be dismissed.

9

### C.  Permanent Injunction Challenge

Williams further contends that the permanent injunction issued against him in the Superior Court of Ware County in the Waycross Judicial Circuit for the State of Georgia in 2008 is illegal. More specifically, Williams claims that the injunction denies him access to the courts. Clerk's Doc. No. 1. The challenge to the permanent injunction issued by the Georgia court, however, is not properly brought as a habeas action. As mentioned above, a habeas action "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack*, 218 F.3d at 451. Challenging the permanent injunction issued in Georgia state court neither attacks the manner in which Williams's sentence is carried out nor the length of his sentence.

### D.  Lack of Evidence and Actual Innocence

Finally, Williams claims that he is actually innocent of the charges for which he is being incarcerated or, in the alternative, that there was not enough evidence to support his conviction. From Williams's petition, it is unclear whether he is challenging his state conviction and sentence in 1997 or his federal conviction and sentence in 2007. Regardless of which conviction and sentence Williams challenges, this claim is not properly brought. As mentioned previously, if Williams seeks to contest his 1997 conviction and sentence in Georgia state court, the proper vehicle for doing so is 28 U.S.C. § 2254. *See Pleasant*, 134 F.3d at 1258 n.3 (recognizing that challenges to convictions under Texas law are properly brought under § 2254). If Williams is challenging his 2007 federal conviction and sentence, those claims must be brought pursuant to 28 U.S.C. § 2255. *See Padilla v. United States*, 416 F.3d 424, 425–26 (5th Cir. 2005). This case is filed under § 2241, which may only be "used to attack the manner in which a sentence is executed." *See Tolliver*, 211 F.3d at 877.

By claiming he is actually innocent, Williams does not attack the manner in which his sentence is being carried out.

To the extent Williams seeks to bring his claims under the savings clause of § 2255, his claims would also fail. As the Fifth Circuit has explained, the petitioner "bears the burden of affirmatively showing that the § 2255 remedy is inadequate or ineffective." *Padilla*, 416 F.3d at 426. Furthermore,

> the savings clause of § 2255 applies to a claim of actual innocence '(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion.'

*Id.* (quoting *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)). Williams has not shown that his remedies under § 2255 are ineffective or inadequate. Additionally, he does not assert that he was convicted of a nonexistent offense based on a retroactively applicable Supreme Court decision or that his claim was foreclosed by circuit law at the time when the claim should have been raised. He merely states that he is actually innocent of the charges on which he has been convicted. Therefore, Williams may not bring his claims under the savings clause of § 2255 and his petition for writ of habeas corpus in this cause of action should be dismissed.

### IV.  A-12-CV-506 SS

Like the first case, Williams brings the second of his cases as a § 2241 petition. In this case, he asserts that he has a right to be transferred to an institution closer to his family. Specifically, he alleges: (1) he is being denied due process as by not being transferred to a facility closer to his family; and (2) such denial constitutes cruel and unusual punishment in violation of the Eighth Amendment. Clerk's Doc. No. 1.

Williams has also filed several additional motions in this case. In these motions, he reiterates that he is being denied due process of law as to his right to be transferred to another facility after eighteen months. Clerk's Doc. No. 4 at 1. Furthermore, he argues that the denial of his request to be transferred after maintaining good conduct and satisfying the eighteen-month requirement is a violation of his constitutional rights under the First, Fifth, and Eighth Amendments. Clerk's Doc. No. 5 at 1. Respondent contends that Williams's claims may not be brought as a habeas action and, alternatively, that Williams has failed to exhaust his administrative remedies prior to filing. Clerk's Doc. No. 11. In his Response in Opposition, Williams continues to argue that he is entitled to be transferred to another facility and asserts that he has exhausted his remedies. Clerk's Doc. No. 12.

Construing these claims broadly, Williams asserts he is being denied due process and his rights under the First, Fifth, and Eighth Amendments by being denied a transfer to a facility closer to his family. He argues that such denial subjects him to cruel and unusual punishment. Williams has provided copies of his requests to be relocated to FCI-Jesup in Georgia. *See, e.g.*, Clerk's Doc. No. 5. However, as mentioned above, Williams does not have a constitutional right to be placed in a correctional facility of his choice. The BOP may choose to place Williams in any available correctional facility. Alternatively, Williams's allegations are not properly brought as a habeas action. Even if the Court were to determine that Williams should be transferred to a federal correctional institution in Georgia, this would not entitle him to accelerated release. A transfer to another institution in Georgia would not alter the length of Williams's sentence. Consequently, Williams's petition for writ of habeas corpus in this cause of action should be denied.

### V. A-12-CV-936 SS

In the last case—also brought pursuant to § 2241—Williams makes several related claims concerning the conditions associated with his work while in prison. Specifically, he alleges that (1) he is being improperly denied pay for his work and (2) he has not received proper credit for his general equivalency degree (GED).

Construing these claims broadly, Williams alleges that he has not been paid for his work in prison despite having his GED. Williams states the BOP verified his GED, but that the BOP now claims the records are false. The Court need not resolve this fact issue, however, because prisoners do not have a constitutional right to be compensated for work while incarcerated. *See Rochon v. La. State Penitentiary Inmate Account*, 880 F.2d 845, 846 (5th Cir. 1989); *Wendt v. Lynaugh*, 841 F.2d 619, 621 (5th Cir. 1988); *see also Edwards v. Johnson*, 209 F.3d 772, 779 (5th Cir. 2000) (holding that the violation of prison regulations does not itself constitute a constitutional violation). Consequently, Williams does not have a constitutional right to payment for his work while incarcerated, regardless of whether or not he has exhausted his administrative remedies. Alternatively, Williams's allegations are not properly brought as a habeas action. Even if the Court determined that Williams was entitled to payment for his work, it would not entitle him to accelerated release or alter the length of Williams's sentence. This petition should also be denied.

### VI. CASE RECOMMENDATIONS

A.   **A-12-CV-368 SS**

In this case the Magistrate Judge **RECOMMENDS** that the District Judge **DISMISS** without prejudice Franklin L. Williams's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1), and **DENY AS MOOT** all pending motions

**B.    A-12-CV-506 SS**

In this case the Magistrate Judge **RECOMMENDS** that the District Judge **DENY** Franklin L. Williams's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1), and Petitioner Franklin L. Williams's Motion for Relief under 28 U.S.C. § 2241 (Clerk's Doc. No. 4), **DENY AS MOOT** Petitioner Franklin L. Williams's Motion to Enter Evidence of Violation of Due Process (Clerk's Doc. No. 5), and **GRANT** Respondent's Motion to Deny Petitioner's Petition for Writ of Habeas Corpus (Clerk's Doc. No. 11).

**C**.    **A-12-CV-936 SS**

In this last case, the Magistrate Judge **RECOMMENDS** that the District Judge **DENY** Franklin L. Williams's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No.1),  and **DENY AS MOOT** all pending motions.

## VII. SANCTIONS RECOMMENDATIONS

As noted at the outset, Williams is a prolific filer.  He has likely filed more lawsuits in the past five years than many lawyers file in their entire careers.  His record of frivolous filings is beyond parallel in the undersigned's thirteen-plus year experience on the bench.  It is well past time that the filings be stopped.  Filing frivolous lawsuits wastes government resources and harms the efficiency of the judicial system. Williams has been warned repeatedly that the continued filing of frivolous lawsuits could result in the imposition of sanctions, including monetary sanctions.  *See, e.g., See Williams v. Tamez*, 476 Fed.Appx. 6 (5th Cir. 2012); *Williams v. Tamez*, 466 Fed.Appx. 326 (5th Cir. 2012).  These warnings have had seemingly little impact on Williams' filings.

As the Fifth Circuit has noted, "Like any other pastime, recreational litigation has its price," and in appropriate cases a court may impose sanctions "for the very purpose of causing the . . . pro

se prisoner litigant, with time on his hands and a disposition to retaliate against the system, to think twice before cluttering our dockets with frivolous or philosophical litigation." *Gelabert v. Lynaugh*, 894 F.2d 746, 748 (5th Cir. 1990). Federal courts have the inherent power to impose sanctions against abusive and serial filers of frivolous litigation. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Simple warnings are clearly not enough in this instance, as Williams has been ignoring such warnings for years. Although Williams is subject to the "three strikes" rule contained in 28 U.S.C. § 1915(g), that bar does not apply to petitions for a writ of habeas corpus. Williams routinely takes advantage of this—as he had done in the three cases that are the subject of this order—by filing the same arguments over and over, and denominating them petitions writs of habeas corpus. The right to file suits in the federal courts is not an absolute right, and Williams' unmitigated abuse of the right cannot come without consequences, and without some limitations on his ability to take advantage of his right. This Court alone has spent literally hundreds of hours dealing with Williams' cases, to the exclusion of matters that are supposed to be the focus of the courts' work.

As noted earlier, Williams is in custody in connection with a federal conviction arising out of Georgia. He has fully and completely exhausted all arguments—both in direct appeals and in collateral proceedings—regarding the validity of that conviction, and has likewise fully litigated in multiple proceedings the validity of a Georgia state court conviction that has been the focus of many of his filings. Given Williams' filing history, it is appropriate to bar him from filing *any* further petitions for habeas corpus relief. While this may at first blush sound severe, it is not, and is warranted by the circumstances. Williams has had more than an adequate and fair opportunity to litigate these matters. And with regard to Williams' right to litigate forward-looking issues, such as the conditions of his confinement or the manner in which his time might be calculated, Williams'

abuse of his right of access to the courts warrants the restriction of this right moving forward. Moreover, he is not completely without a right of access to the courts because, as noted, although he is subject to the three strikes bar of § 1915(g), that statute preserves Williams' right to file suit if he "is under imminent danger of serious physical injury." Thus, if Williams actually has a real and true claim to present in the future, he has a vehicle to do so. Consistent with this, **IT IS RECOMMENDED** that Franklin L. Williams be prohibited from filing any habeas corpus case, proceeding, or motion in a district court of the United States. Should the Clerk of the Court receive any filing within this description in the future, he is instructed to simply return it to Williams by U.S. Mail, and not docket the matter as a proceeding.

Because Williams is also assisting other inmates with cases before this Court, and because, frankly, Williams is impeding these inmates' ability to present their cases by his repetitious and frivolous allegations, **IT IS ALSO RECOMMENDED** that Williams be barred from assisting any other inmates of the Bureau of Prisons with any litigation they are pursuing in the federal or state courts, including continuing to assist Willard Hudson (in Cause No. A-12-CV-826 SS) or Graeme Matthew Pierson (in Cause No. A-12-CV-1143 SS), both of whom are currently inmates at FCI Bastrop.

**IT IS FURTHER RECOMMENDED** that a monetary sanction of $1,000.00 be imposed against Williams for his continuing and systematic abuse of the judicial system, and that the Bureau of Prisons be ordered to withdraw funds incrementally from Williams' inmate trust account and transmit those funds to the Clerk of this Court until these sanctions are paid in full. To accomplish this, **IT IS RECOMMENDED** that the district judge's order contain the following language:

It is ORDERED that Franklin L. Williams, #12952021, is sanctioned $1,000.00, and shall pay his sanctions in monthly installments from his inmate trust fund account.

It is further ORDERED that the Bureau of Prisons, or any other agency having custody of Williams, shall deduct 20% of each deposit made to Williams' inmate trust account and forward payments to the Court on a regular basis provided the account exceeds $10.00.

It is further ORDERED that the Clerk shall mail a certified copy of this Order to the Warden of FCI Bastrop, as well as to the Finance division of FCI Bastrop. In the event Williams is transferred to another facility, or is released from confinement, the agency having custody at the time of transfer or release shall notify this office of a forwarding address.

It is further ORDERED that the Clerk shall provide a copy of this Order to the Financial Clerk in the Austin Division of the Western District of Texas, and shall deliver a copy of his order to the District Clerk of each of the federal districts which make up the United States Courts.

It is further ORDERED that the Clerk shall provide a copy of this Order to the Pro Se Clerk for the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

## VIII.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

17

District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 23rd day of January, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE